**Carlos Esteban Romero CONTRERAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72155.

Agency No. A75–485–378.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Vernica L. Burris Valentine, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Efthimia S. Pilitsis, Office of Immigration Litigation, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Carlos Esteban Romero Contreras, a native and citizen of Mexico, petitions for review the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Romero Contreras contends he was persecuted on account of his sexual orientation because police called him "immoral" and extorted money from him, thieves robbed him, calling him "gay," and a group of men beat him, calling him a "faggot."

Contrary to the government's contention, Romero Contreras did raise the issue of his membership in a particular social group before the BIA.

Nevertheless, substantial evidence supports the BIA's denial of asylum because the harm suffered by Romero Contreras, although unfortunate, does not does rise to the level of persecution. *Cf. Hernandez–Montiel v. INS*, 225 F.3d 1084, 1097–98 (9th Cir.2000) (holding that gay man was persecuted where he was attacked by a mob and twice raped by Mexican police); *see Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (distinguishing between persecution and harassment or discrimination).

Romero Contreras, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**